**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SHANDRA D. MAGEE**                                                                  **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 2:16cv64-KS-MTP**

**WALMART STORE 1168, ET AL.**                                     **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2]. Having considered Plaintiff's submission, the undersigned recommends that the Motion be denied and that Plaintiff be directed to pay the filing fee.

Plaintiff Shandra D. Magee filed her Complaint [1] on May 5, 2016, in which she alleges acts of discrimination by her employer. Plaintiff filed her IFP Motion [2] the same day.

In making the IFP determination, the Court may consider the total monetary resources available to assist Plaintiff. "There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. U.S.*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See Barnes v. Secretary, Dept. of Treasury*, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010). The Court must examine the financial condition of Plaintiff in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The granting or denying of IFP status is left to the sound discretion of the district court. *Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969). "Section 1915 is designed to protect those litigants who suffer true financial hardship,

not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013).

A review of the financial information submitted by the Plaintiff reflects that she is employed and earns approximately $1300 per month. *See* Application [2] at 1. Thus, Plaintiff's annual income is $15,600. Plaintiff lists no dependants, and states that she owns her own home and vehicle outright, with no indebtedness against them. Plaintiff also states that she currently has $250 in her checking account. Finally, although Plaintiff lists her monthly expenses as $1295,[1] she states that she spends $200 every month on clothing.

Some courts have utilized the applicable poverty guidelines to assess applicants' financial condition. *See, e.g.*, *Dow v. Colvin*, 2013 WL 1952092 (N.D. Tex. April 15, 2013); *Nelson v. Louise*, 2011 WL 3648632 (E.D. La. July 27, 2011). The applicable poverty guideline for a single adult is $11,880. *See* Health and Human Services Department Poverty Guidelines, *available at* httPs://federalregister.gov/a/2016-01450 (Last visited May 11, 2016). Plaintiff's income exceeds the poverty level. Moreover, although she alleges considerable monthly expenses, she spends an estimated $200 every month on clothing, which reflects that a sizable portion of her income is expendable. *See U.S. Bank v. Butler*, 2013 WL 6725981, at *1 (N.D. Tex. Nov. 18, 2013) (vacated on other grounds by *U.S. Bank v. Bulter*, 2013 WL 6172141 (N.D. Tex. Nov. 25, 2013) (denying IFP motion where applicant had expenses nearly equal to her income, but listed $450 per month on clothing expenses, which the court construed as "discretionary"). This amount, together with the $250 the Plaintiff already has on hand, should allow her to pay the filing fee in order to commence

---

[1]Plaintiff lists her monthly expenses as $1290, but her individual expenses actually total $1295.

this action without undue hardship if given a reasonable amount of time to tender the requisite amount.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2] be DENIED,

2. Plaintiff be given sixty (60) days to pay all of the costs associated with the filing of this lawsuit, and

3. Should Plaintiff fail to timely pay all of the costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 13th day of May, 2016.

s/ Michael T. Parker  
United States Magistrate Judge